# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT BEAVER, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   Case No. CIV-17-966-G |
| ANDREW SAUL, Commissioner of Social Security, | ) ) ) ) |
|     Defendant. | ) ) |

## ORDER

Now before the Court is Plaintiff Robert Beaver's Motion for Attorney's Fees Under 42 U.S.C. § 406(b) (Doc. No. 30), filed through Plaintiff's counsel Miles Mitzner.

On May 15, 2018, the Court entered a Judgment reversing the Commissioner's decision denying Plaintiff's application for disability insurance benefits ("DIB") and remanding the case for further administrative proceedings under the fourth sentence of 42 U.S.C. § 405(g). *See* J. (Doc. No. 24) at 1. On November 11, 2019, the Social Security Administration issued a favorable decision on Plaintiff's DIB application and found that Plaintiff was entitled to benefits beginning in November 2017. *See* Pl.'s Mot. Att'y Fees at 2; *id.* Ex. 2 (Doc. No. 30-2) at 1. The Commissioner's notice shows that Plaintiff is entitled to past-due benefits that 25 percent, or $8197.63, of those past-due benefits has been withheld to be applied toward his attorney's fees for work done in this action. *See* Pl.'s Mot. Att'y Fees Ex. 2, at 3.

Subsection 406(b) provides:

Whenever a court renders a judgment favorable to a claimant under this

> subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A). Any such payment must be made "out of, and not in addition to," the past-due benefits owed to the claimant. *Id.* This subsection "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court" so long as the agreed-upon amount stays within the statute's "25 percent boundary." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). For a fee request that lies within this boundary, "the attorney for the successful claimant" still "must show that the fee sought is reasonable for the services rendered." *Id.*

In his Motion, Plaintiff's counsel requests a fee award of 25 percent of Plaintiff's total past-due benefits, which is the percentage stipulated in the fee agreement between Plaintiff and Plaintiff's counsel. *See* Pl.'s Mot. Att'y Fees Ex. 1 (Doc. No. 30-1) at 1. The Commissioner has responded that he has no objection to Plaintiff's counsel's request for $8197.63 in fees. *See* Def.'s Resp. (Doc. No. 31) at 1-2. The Commissioner correctly notes, however, that the Court previously awarded $6000.00 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, and that if fees are now awarded pursuant to § 406(b) Plaintiff's counsel must refund the lesser EAJA award to Plaintiff. *See id.* at 2; Order of July 25, 2018 (Doc. No. 26) at 1-2; *McGraw v. Barnhart*, 450 F.3d 493, 497 & n.2 (10th Cir. 2006).

Having carefully reviewed the parties' submissions, the Court finds that an award of $8197.63, which the Notice of Award indicates is 25% of the past-due benefit award of $32.790.52, is a reasonable fee award for the work performed in this case in view of the contingent nature of the representation, the applicable attorney-fee agreement, and the results achieved. While before the Court, Mr. Mitzner filed a detailed opening brief, presenting a well-supported argument that the administrative law judge erred in denying Plaintiff's DIB claim. *See* Doc. No. 17. The Commissioner filed a brief in opposition, which Mr. Mitzner was required to review. *See* Doc. No. 21; Pl.'s Mot. Att'y Fees Ex. 3 (Doc. No. 30-3) at 3. Mr. Mitzner represents that he spent 34.25 hours litigating Plaintiff's disability case in federal court, which would result in an effective hourly rate of $225.86 with respect to the relevant portion of the requested § 406(b) fee. *See* Pl.'s Mot. Att'y Fees at 3; *id.* Ex. 3, at 3; *see Gisbrecht*, 535 U.S. at 793, 808 (rejecting the "lodestar" method of calculating fee awards under § 406(b) but noting that the district court may consider the hours spent and other factors in contingency-fee cases to help assess "the reasonableness of the fee yielded by the fee agreement"); *cf. Harlan v. Colvin*, No. CIV-13-477-D, 2015 WL 9295809, at *1 (W.D. Okla. Dec. 18, 2015) (awarding $17,429.22 where the putative rate was between $517.95 and $632.64 per hour). Plaintiff and Mr. Mitzner agreed that the latter may collect attorney's fees for representation before the Court in the amount of the currently pending request. *See* Pl.'s Mot. Att'y Fees Ex. 1, at 1.

Accordingly, Plaintiff's Motion for Attorney Fees (Doc. No. 30) is GRANTED. Plaintiff's attorney Mr. Miles Mitzner is awarded attorney's fees in the amount of $8197.63, to be paid out of the past-due benefits Plaintiff received by reason of the remand

and favorable decision in this case.  *See* 42 U.S.C. 406(b)(1)(A).  The Social Security Administration shall pay this amount directly to: Miles Mitzner, P.O. Box 5700, Edmond, Oklahoma 73083.  Upon payment, Mr. Mitzner shall promptly refund to Plaintiff the $6000.00 previously awarded under 28 U.S.C. § 2412.  *See* Order of July 25, 2018, at 1-2; *McGraw*, 450 F.3d at 497 & n.2.

    IT IS SO ORDERED this 27th day of March, 2020.

*[signature]*
CHARLES B. GOODWIN
United States District Judge